Babbitt v. Condon.

---

WILLIAM M. BABBITT *vs.* JAMES CONDON and DANIEL G. MASON.

1. D. G. M. made a contract with J. C. to build a house on land owned by L. M. The land was occupied by D. G. M., and the house was built without obtaining the written consent of the owner: the money was furnished by the owner of the land, but the house was built under the immediate superintendence of D. G. M., and was designed for his use and accommodation. A mechanics' lien was filed, and suit commenced thereon against J. C., builder, and D. G. M., as owner, L. M. not being made a party to the proceedings. *Held*, that the lien could not be enforced, either against the land or building.

2. Where a house is built by contract, and it is necessary to refer to the specifications to ascertain what part of the labor is to be performed, or what materials are to be furnished by the contractor, the specifications should be filed with the contract, but if the contract provides that the contractor shall do *all the work*, and furnish *all materials*, it is not necessary to file the specifications.—Per HAINES, J.

An action was brought in the Essex Circuit Court by William M. Babbitt against James Condon, builder, and Daniel G. Mason, as owner, on a lien filed by the plaintiff for lumber furnished by him to Condon, and which was used in constructing a dwelling-house on lands of Lowell Mason. The facts necessary to an understanding of the case appear in the opinions delivered in this court.

The cause was tried at the Essex circuit, at May Term, 1857, and a verdict rendered for the plaintiff against both defendants for the amount claimed. Several questions arising at the trial in relation to the liability of the defendant, Daniel G. Mason, and affecting the verdict, as against him, the court, on application of his counsel, ordered that the plaintiff show cause, on a case to be certified by the Circuit Court to the Supreme Court, why the verdict should not be set aside, and a new trial granted, and that any matters which constitute a good cause for setting aside the verdict on a rule to show cause, be considered on the hearing in the Supreme Court.

The cause was argued at February Term, 1858, before the CHIEF JUSTICE, and Justices ELMER, HAINES and VREDENBURGH.

*F. T. Frelinghuysen*, for defendant.

*J. P. Bradley*, for plaintiff.

The CHIEF JUSTICE. This action is brought to enforce a lien for materials furnished by the plaintiff to James Condon, and which were used in constructing a dwelling-house on lands owned by Lowell Mason. The claim of

lien and declaration allege that the building was erected for Daniel G. Mason. It appears, by the evidence, that the house was erected with money furnished by Lowell Mason, who owns the house and the land. It was designed for the accommodation of his son, Daniel G. Mason, under whose immediate superintendence it was built. The son had no legal estate or interest whatever in the house or in the land. The mere fact that he called it his while building, established no legal title or right of ownership.

The lien alleges that the house was built by James Condon for Daniel G. Mason, upon land belonging to Lowell Mason. The declaration is against James Condon, as builder, and Daniel G. Mason, as owner. Lowell Mason is no party to the proceeding. Neither the claim of lien nor the declaration avers that Daniel G. Mason had any estate whatever in the land on which the lien is claimed. They do not aver that he is the tenant of Lowell Mason, or that he entered under him by virtue of a special contract, or that he has an estate for years or life, or that he has possession even, or any estate or interest whatever in the land. They simply aver that a house was built for Daniel G. Mason on Lowell Mason's land, and they claim a lien for materials upon the said house and upon Daniel G. Mason's estate, title and interest in and to the land in front and rear of his said house, extending from and at right angles with the said road to a point one hundred feet in the rear of said house, and of the full width thereof, as a reasonable and proper curtilage to be attached to the said house. Beyond the simple averment that the house was built for Daniel G. Mason, there is not in the proceedings or evidence any averment or proof that Daniel G. Mason had any estate whatever in the land. Is such a case within the meaning or operation of the lien law? In a proceeding at law against Daniel G. Mason, can that claim be enforced against the land of Lowell Mason, or against a house standing on his land, or has Daniel G. Mason such interest in the house or in the land as can

be proceeded against and sold under the provisions of the lien law.

The case presented is that of a building erected by a father, upon his own land, with his own money, designed for the use of his son, the son making the contract in his own name, and superintending the building, but having no legal interest or estate in the land or in the building.

The lien law manifestly contemplates that the party by whom a building is erected, and against whom and whose interest the lien is to be enforced, shall have some *estate* or *interest* in the land upon which the building is erected. It requires that the claim filed in the clerk's office shall contain the name of the owner or owners of the land, or *of the estate therein,* on which the lien *is* claimed. The lien is to be enforced by suit commenced by summons against the builder and the owner of the *land* and *building*. (The owner of the land, in this connection, being clearly designed to include the owner of any estate therein on which the lien is claimed.) And where judgment is recovered against the owner, the sheriff is to sell the building and lot, and the deed shall convey to the purchaser the *estate* in the lands which the owner had at, or any time after the commencement of the building, within one year before the filing of the lien in the clerk's office. All these provisions obviously contemplate the enforcement of the lien against the owner of the land, or of some estate therein. All proceedings under the act are directed against two parties, viz., the builder, or person who contracted the debt, and the owner of the land, or of some estate therein. Now Daniel G. Mason, against whom this lien is attempted to be enforced, is neither builder nor owner, within the meaning of the act. Condon, throughout the whole proceedings, is styled the builder, and, as the evidence clearly shows, properly so. He contracted the debt; the materials were furnished to him, and upon his credit. Lowell Mason is the owner, and is so described in the claim filed and in the declaration. It is

not averred, as has been said, either in the claim of lien or in the declaration, that Daniel G. Mason, who is summoned as owner, is the owner, or has any estate whatever in the land. This incongruity in the proceedings arises from no neglect in their preparation, for they have manifestly been prepared with great care, but it arises unavoidably from the fact that the case is not within the purview of the statute.

The proceeding is manifestly to be sustained, if at all, under the provisions of the fourth section of the act. But this section obviously contemplates that the person by whom the building is erected shall have some estate in the land; for it declares that only the building and the estate of such tenant, or other person so erecting such building, shall be subject to the lien, unless the building be erected by the written consent of the owner, duly acknowledged or proved and recorded, as deeds are when the land becomes subject to the lien. The section of the act clearly shows the design of the legislature not to encumber the estate of the owner of the land with any lien, except the house was built by him, or with his written consent, duly acknowledged and recorded as other conveyances of an interest in lands. Under this section the lien may be enforced against the estate of the tenant, or other person having any estate or interest in the land, or against the owner in fee, if his written consent be obtained, or against both. But it cannot be enforced as against a party having no estate whatever in the land, and that without the written consent of the owner.

It is said that this proceeding is against Daniel G. Mason only, and that this objection does not lie in his mouth. If he has no interest in the land, it cannot prejudice him. That Lowell Mason is no party to this proceeding; that he cannot be heard in defence, and that if Daniel G. Mason has no interest in the land, Lowell Mason's interest cannot be prejudiced. But the real inquiry is, is the case within the provisions of the lien law; and (if it is not) will

the court attempt to enforce a special statutory proceeding in a case not clearly within the provision of the statute. And it is perfectly clear that the owner of the land will, by such proceeding, be injured without the opportunity of his being heard. It will cloud his title by a judicial sale of an interest in it. It purports, moreover, to sell a house standing on his land. If the house passes, does the land under it pass? Has the purchaser a right of ingress and egress, and a way, of necessity, across the soil in front of the house? Is the house to be torn down? And if it is, how long is it to be suffered to remain on the soil, and may the owner be compelled to remove it?

There are sections in the act which countenance the idea that a lien may be created upon the house itself, though there be no lien upon the land. These provisions may, perhaps, present grave questions touching the claims of conflicting encumbrancers proper for the consideration of a court of equity; but the legislature could never have designed that, under the provisions of this statute, by an execution at law, a building should be sold distinct from the land upon which it is erected. The statute must be deemed to have been enacted in view of the elementary principle of the law, that the building is attached to the land as an incident, and passes with it, and that the owner of the land is the owner of the building. So fundamental and vital a principle pervading the law of real estate should not be deemed to be overturned, except by clear and explicit language. No doubtful construction should suffice to do it. But upon the face of the statute a contrary intention appears. The act expressly declares that the lien shall be on the building, and on the land whereon it stands. The claim filed in the clerk's office is to designate the owner of the land whereon the lien is claimed.

The summons is to issue against the owner of the land and building. The judgment and execution are to be against the land and building, and the deed is to convey

the land and building. The lien, therefore, must operate, if at all, not only upon the building, but also upon some interest or estate in the land. As Daniel G. Mason had no estate or interest whatever in the land upon which the building is erected, as the claim describes Lowell Mason as owner, and as no written consent was given by the owner to the erection of the building, the lien cannot be enforce l.

Upon the facts disclosed in the case, the specifications formed no essential part of the contract, and were not required to be filed.

The Circuit Court should be advised accordingly.

HAINES, J. This action was brought under the mechanics' lien law, against James Condon, as builder, and Daniel G. Mason, as owner, for materials furnished for the construction of a house for Daniel G. Mason on land of Lowell Mason.

Several questions of law having been reserved at the trial, and a rule to show cause why the verdict should not be set aside granted, the case is certified to this court for the discussion of those points.

No question is made of the right of recovery against Condon, the builder. But as to Mason, it is insisted that no judgment can be rendered against him, because he was not the owner of the land on which the building was erected. The statute on this subject declares that every building shall be liable for the payment of any debt contracted or owing for labor performed or materials furnished for the construction thereof, which debt shall be a lien on such building, and on the land on which it stands, including the lot or curtilage whereon the same is erected.

This general provision is particularized by the fourth section, by which it is declared that if any building be erected by a tenant or other person than the owner of the land, then only the building and the estate of such ten-

ant, or other person so erecting such building, shall be subject to the lien, unless it be erected by the consent in writing of the owner of the land, duly acknowledged or proved and recorded.

There is a manifest and clear distinction made between the owner of the land and the tenant or other person erecting the building, and the lien is limited to the interest and estate of such tenant or other person, but it is intended to operate upon and charge that interest and that estate, whatever they may be. The lien here is claimed to be " on a house erected by Condon for Daniel G. Mason upon land belonging to Lowell Mason."

Daniel G. Mason was sued as the owner, and pursuant to the ninth section of the act, pleaded that the house and lands described were not liable to the debt and sums of money claimed by the declaration.

By the same section, it became necessary for the plaintiff, under that plea, to entitle himself to a judgment against the house and land, to prove that the provisions of the act requisite to constitute such lien had been complied with. One of those provisions is, that the claim of lien filed should contain the name of the owner of the land, or of the estate therein, on which the lien is claimed. Hence there must be proof that the person named in the claim as owner had some interest or estate in the house or land.

The jury were instructed that if it appeared by the evidence that Daniel G. Mason was the owner or tenant of the land, or had some other interest or estate therein, then their verdict should be against him ; on which verdict a judgment might be rendered, and execution issued against the interest and estate he so had in the property.

By the evidence, it appeared that Daniel G. Mason had signed the contract with Condon for erecting the building ; that his father, Lowell Mason, owned the land, and paid for the building, and had it erected expressly for his son, Daniel G. Mason, who afterwards occupied it ; but

whether as tenant at will or for years, or whether he had any interest in it whatsoever, did not appear.

There was no such compliance with the requisites of the statute as entitled the plaintiff to verdict and judgment.

It is further insisted that the plaintiff has no right of recovery against Mason, because the contract for the construction of the house was filed in the office of the clerk of the county where the building is situated. By the evidence, it appears that the contract referred to certain specifications which were not filed. And thus the question is presented, whether in all cases the specifications are required to be filed for the protection of the building from the liens of material men and laborers other than the contractor.

One of the objects of requiring the contract to be filed is to give notice to all mechanics, laborers and persons furnishing materials, of the extent to which the building is exempt from liens, and how far they must look to the personal responsibility of the builder. If the contract provides that the builder is to do only a part of the work, or to furnish only a part of the materials, and refers to the specifications to determine what part, then the specifications are not only an essential part of the contract, but are necessary to give the notice contemplated by the statute. Such was the case in *Ayres* v. *Revere*, 1 *Dutcher* 474, the contract requiring the builder to find " all materials, of every kind and description, necessary for the erection of the house according to the plans and specifications, except wherein it is otherwise stipulated, expressed or agreed in and by the said specifications." Reference to the specifications there became necessary to ascertain for what part the lien of the contractor only was good, and for what part others might obtain liens.

But where all the labor and all the materials are to be done and furnished by the builder, then the contract alone will give the notice required by the statute, and that alone is sufficient to be filed. And although the contract may

refer to the specifications, and declare them to be a part of it, yet, for the purpose of *such notice*, it is not an essential part, nor necessary to be filed with it. If placed on file, it could give no further notice than is given by the contract itself.

In this case the contract refers to the specifications for the description of the work to be done and the materials to be found; but the builder was to perform *all* the *work* in the best and most workmanlike manner, and to supply *all* the materials of the best quality of their several kinds.

There was no allegation of any extra work for which the materials in question were found; on the contrary, by the proof, it appeared that all were furnished for the building erected pursuant to the contract. As to such, the plaintiff had the statutory notice that the builder was to find all, and that no other lien than that of the builder could be placed upon the building or land.

The plea that the house and land described in the lien were not liable to the plaintiff's claim, was fully sustained by the proof of such filing of the contract; and this, also, was a sufficient reason why the plaintiff was not entitled to a verdict.

The Circuit Court should be advised to set aside the verdict, and grant a new trial, with costs to abide the event of the suit.

Justices ELMER and VREDENBURGH concurred.

CITED *in Budd* v. *Lucky,* 4 *Dutch.* 486; *Coddington* v. *Dry Dock Co.,* 2 *Vr.* 483; *Macintosh* v. *Thurston,* 10 *C. E. Gr.* 247.